FILED
2017 Oct-17 PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CORION LESHON MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF TODD ENTREKIN, et al., ) <br> ) <br> Defendants. ) | Case No. 4:17-cv-00092-MHH-JEO |

## **MEMORANDUM OPINION**

On April 18, 2017, the magistrate judge filed a report in which he recommended, pursuant to 28 U.S.C. § 1915A(b), that the Court dismiss this action without prejudice for failing to state a claim upon which relief can be granted. (Doc. 12). The magistrate judge notified plaintiff Corion Leshon Moore of his right to file specific written objections to the report and recommendation within 14 days. (Doc. 12, pp. 17-18). Mr. Moore filed two motions for extensions of time to file objections, and the magistrate judge granted both motions. (Docs. 13, 14, 15, 16). On June 6, 2017, Mr. Moore filed objections to the report and recommendation (Doc. 17) and a motion for production of documents (Doc. 18). On August 2, 2017, Mr. Moore filed a motion for leave to file a supplemental complaint. (Doc. 19).

1

Mr. Moore wishes to supplement his previous complaints (Docs. 1, 10) to address the following "events that happened after the filing of the original complaint:" "the denial of access to an adequate use of a law library, policies regarding visitation, policies regarding free exercise of religion, food, exercise, air quality and temperature, clothing, sanitation, personal hygiene and overcrowding." (Doc. 19, pp. 1-2). Mr. Moore contends that the "totality of the conditions" at "Etowah County Detention Center . . . add up to create an overall effect that is unconstitutional." (*Id.* at 1).

The Court denies Mr. Moore's motion for leave to file a supplemental complaint. (Doc. 19). The motion contains only a list of general and conclusory constitutional violations and provides no specific information about how Mr. Moore would adequately plead that a particular defendant allegedly committed the purported constitutional violations. As the magistrate judge explained in his report, "to state a claim upon which relief may be granted, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (Doc. 12, p. 2) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Based on the information that Mr. Moore provided in his motion to supplement, it appears that a second amendment to the complaint would be futile.

The Court now turns to Mr. Moore's objections to the report and recommendation. A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Moore does not object to the magistrate judge's description of the facts underlying his claim and generally repeats the legal arguments made in the complaint and amended complaint. (Doc. 17). Citing *Conley v. Gibson*, 355 U.S. 41 (1957), Mr. Moore objects to dismissal of this action for failure to state a claim upon which relief can be granted because "the complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in

3

support of his claim which would entitle him to relief.'" (Doc. 17, pp. 1, 6, quoting *Conley*, 355 U.S. at 45-46).

The Court overrules Mr. Moore's objection. Ten years ago, the United States Supreme Court retired the *Conley v. Gibson* "'no set of facts'" standard and replaced it with a "plausibility" standard. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d. 702, 714 (11th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007)); *see* p. 2 above. Under the plausibility standard, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Mr. Moore's factual allegations do not plausibly suggest that the condition of his bunk bed presented an "objectively serious" danger. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Moreover, Mr. Moore alleges no facts from which a factfinder reasonably could infer that any of the named defendants had "subjective knowledge of a substantial risk of serious harm" to Mr. Moore before the top bunk gave way on December 28, 2016 and recklessly disregarded the substantial risk. (*Id.*).

Therefore, the Court adopts the magistrate judge's report and accepts his recommendation. Pursuant to 28 U.S.C. § 1915A(b), the Court will dismiss this action without prejudice for failing to state a claim upon which relief can be granted. There is no reasonable expectation that discovery will reveal evidence to

support the necessary elements of a Fourteenth Amendment conditions claim, and, as discussed, an amendment to the complaint would be futile.  Therefore, the Court denies Mr. Moore's motion for production of documents (Doc. 18) and his motion for permission to file a supplemental complaint.  (Doc. 19).

The Court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 17, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE